IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY L. TODD,** | : | Civil Action No. 1:08-CV-00440 |
| Plaintiff | : | |
| v. | : | (Chief Judge Kane) |
| **JAMES L. GRACE et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Plaintiff Tracy L. Todd ("Todd"). (Doc. No. 1.) He has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) Named as defendants are: several individuals employed at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"),[1] where Todd was confined several years ago; several employees of a contracted health care provider;[2] and Jeffrey Beard, the Secretary of Pennsylvania's Department of Corrections ("DOC"). Based on this Court's review of the complaint, it is apparent that Todd's claims are barred by Pennsylvania's applicable statute of limitations. Consequently, the Court will dismiss the complaint, sua sponte, as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

### II. BACKGROUND

In the complaint, Todd sets forth various Eighth Amendment claims including excessive

---

[1] These named defendants are James L. Grace, warden; Diana Baney, grievance coordinator; and Doe Tryweek, corrections officer.

[2] These named defendants are Olga Beregovskaya, medical director; D. Mills, physician assistant; and, Angels Auman, physician assistant.

force, deprivation of food, and inadequate medical care. He also alleges that he was denied access to the courts and subjected to discrimination. Specifically, Todd alleges that, on or about January 24, 2004, while at SCI-Huntingdon, Defendant Tryweek assaulted him in the Restrictive Housing Unit ("RHU"). (Doc. No. 1, at 2.) He further claims that on that same day Defendant Tryweek deliberately threw out Todd's religious materials while directing racist remarks towards him, and denied him his first two meals of the day. (Id.) He alleges that at the time of the assault by Defendant Tryweek, Defendants Mills, Auman, and Beregovskaya denied Todd medical treatment based on his race. (Id. at 4-5.) Further, he claims that he attempted to file grievances related to these issues, but received no response due to Defendant Baney's failure to process the grievances. (Id. at 4.) Finally, he claims that Defendants Grace and Beard knew or should have known of this constitutional misconduct because of their supervisory positions within the DOC. (Id. at 4.) He seeks monetary damages.

## III.   DISCUSSION

Under 28 U.S.C. § 1915(e),[3] a district court has discretion to dismiss frivolous or malicious in forma pauperis complaints. A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989)

---

[3] Section 1915(e) of title 28 provides, in pertinent part,

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
* * *
    (B) the action or appeal –
        (i) is frivolous or malicious.

28 U.S.C. § 1915(e)(2)(B)(i).

(citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266 (1985), overruled by statute on other grounds as recognized by Hurst v. Trader, 223 F. App'x 128, 131 (3d Cir. 2007); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions."  Owens v. Okure, 488 U.S. 235, 250 (1989).  Pennsylvania's applicable personal injury statute of limitations is two years.  See 42 Pa. Cons. Stat. § 5524(7); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993).  Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

Todd's claims all arose while he was incarcerated at SCI-Huntingdon in 2004.  The instant complaint was filed on March 10, 2008.  There is no question that Todd was aware of his alleged injuries when they occurred, as evidenced by his allegations in the instant complaint. Further, the Court notes that Todd previously filed a civil action in this Court raising these identical claims against the same defendants on January 23, 2006.  See Todd v. Grace, et al.,

Civil Action No. 1:06-CV-00169 (M.D. Pa.).[4]  In fact, Todd appears to have simply photocopied his 2006 complaint and resubmitted it in the instant case as a non-prisoner filer.

The statute of limitations is an affirmative defense which may be voluntarily waived. Although the Third Circuit Court of Appeals has not yet visited the issue in a precedential opinion,[5] other federal Courts of Appeals have concluded that a district court may dismiss a complaint under § 1915 when the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate.  See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (discussing reasons why statute of limitations can be raised sua sponte in § 1915 cases); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases).  Those conditions are met here as the defense obviously rises from the allegations within the complaint without the necessity of further factual development.

In the instant case it is clear that the complaint raises alleged constitutional misconduct which ceased with Todd's transfer or release from SCI-Huntingdon.[6]  There are no facts or allegations asserted in the complaint regarding any impediment which may have prevented the timely filing of this action.  Likewise, there are no averments of law or fact that could support

---

[4] This earlier action was dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  See Todd v. Grace, et al., Civil Action No. 1:06-CV-00169, Doc. No. 37.

[5] In recent unpublished decisions, the Third Circuit Court of Appeals affirmed sua sponte dismissal of claims barred by the statute of limitations.  See Hurst v. Trader, 223 Fed. Appx. 128, 131 n.6 (3d Cir. 2007); Huertas v. City of Philadelphia, 188 Fed. Appx. 136, 137 n.3 (3d Cir. 2006).

[6] In the instant complaint, Todd notes that he is no longer incarcerated and provides the Court with his current address in Warren, Ohio. (Doc. No. 1.)

the tolling of the statute of limitations. Consequently, since the instant complaint is clearly barred by Pennsylvania's controlling statute of limitations, this action will be dismissed as untimely.

An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRACY L. TODD,** | : | Civil Action No. 1:08-CV-00440 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **JAMES L. GRACE et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 24th day of June, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the sole purpose of filing the complaint.

2. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the applicable state statute of limitations.

3. The Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania